USDC ...
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/4/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JOSEPH V. LA ROCCO, JR.,

                        Plaintiff,

            -against-

MARSH & MCLENNAN COMPANIES, INC.;
MARSH INC.; MARSH GLOBAL BROKING
INC.; MARSH GLOBAL BROKING
(BERMUDA) LTD; MARSH USA INC.
SEVERANCE PAY PLAN; MARSH USA INC.
(AS PLAN ADMINISTRATOR OF THE MARSH
USA INC. SEVERANCE PAY PLAN); and
HUMAN RESOURCES DIRECTOR OF NORTH
AMERICAN OPERATIONS OF MARSH USA
INC. (AS PLAN ADMINISTRATOR OF THE
MARSH USA INC. SEVERANCE PAY PLAN);

                        Defendants.
------------------------------------------------------------x

08 Civ. 0439 (SAS)

**SCHEDULING ORDER**

Conference Date: March 3, 2008

      WHEREAS, the Court issued an Order for a Conference in accordance with Fed. R. Civ. P. 16(b) on March 3, 2008 (the "Order"); and

      WHEREAS, the Order requires that the parties jointly prepare and signed a proposed scheduling order containing certain information;

      NOW, THEREFORE, the parties hereby submit the following information as required by the Order:

      (1)    the date of the conference and the appearances for the parties;

            The conference was held on March 3, 2008.

            Liddle & Robinson, L.L.P., by Ethan A. Brecher and Jessica Savage, appeared on behalf of Plaintiff.

            Winston & Strawn LLP, by Stephen L. Sheinfeld and William M. Sunkel, appeared on behalf of all of the Defendants except for Marsh Global Broking (BERMUDA) Ltd.

1

(2)  a concise statement of the issues as they then appear;

>Plaintiff: Defendants wrongfully denied plaintiff a 2004 bonus, severance pay and stock and stock options pursuant to its plans and policies and under the common law, by claiming that he was fired "for cause." Plaintiff was not, he contends, fired "for cause." Defendants are not entitled to rely on the failure to exhaust administrative remedies defense under ERISA because they failed to give him notification under ERISA as to his right to appeal the denial of benefits.
>
>Defendants: Plaintiff has been provided with all payments and benefits to which he was entitled as an employee. Accordingly, he is not entitled to the additional payments and benefits sought in the complaint. Further, as to the Second Claim of the complaint, plaintiff failed to exhaust his administrative remedies under ERISA.

(2)  a schedule including:

(a)  the names of persons to be deposed and a schedule of planned depositions;

>Plaintiff intends to depose the following individuals (as well as potential other witnesses depending on discovery):
>
>Human Resources Director of North American Operations
>
>James Buckman
>
>Joseph Bucek
>
>Mike Fisher
>
>Peter Garvey
>
>Elizabeth Kellner
>
>Robert Lane
>
>Kevin Murphy
>
>Susan Reid
>
>Defendants intend to depose plaintiff Joseph V. LaRocco, as well as such third-party witnesses who may be identified through discovery.

2

(b) a schedule for the production of documents;

> The parties will provide initial disclosures pursuant to Rule 26(a)(1)(A)(ii) by March 17, 2008.
>
> The parties will serve requests for documents by April 15, 2008. Responses to such requests will be due by May 15, 2008.

(c) dates by which (i) each expert's reports will be supplied to the adverse side and (ii) each expert's deposition will be completed;

> The parties do not anticipate retaining any experts, but reserve their right to do so.

(d) time when discovery is to be completed.

> Discovery is to be completed by ~~December 1, 2008~~ *Sept. 15* [handwritten].

(e) the date by which plaintiff will supply its pre-trial order matters to defendant;

> Plaintiff will supply his pre-trial order matters to defendant by ~~January 7, 2009~~ *Oct 15* [handwritten].

(f) the date by which the parties will submit a pre-trial order in a form conforming with the Court's instructions together with trial brief and either (1) proposed findings of fact and conclusions of law for a non-jury trial, or (2) proposed voir dire questions and proposed jury instructions, for a jury trial; and

> The parties will submit a pre-trial order in a form conforming with the Court's instructions together with trial brief and either (1) proposed findings of fact and conclusions of law for a non-jury trial, or (2) proposed voir dire questions and proposed jury instructions, for a jury trial by ~~February 6, 2009~~ *Nov. 5* [handwritten].

(g) a space for the date for a final pre-trial conference pursuant to Fed. R. Civ. P. 16(d), to be filled by the Court at the conference.

*Oct. 7 at 4:30* [handwritten]

(3) a statement of any limitations to be placed on discovery, including any protective or confidentiality orders;

> The parties will meet and confer with respect to entering into a stipulation of confidentiality, to be submitted to the Court to be "So Ordered."

3

(4)　a statement of those discovery issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement;

(5)　anticipated fields of expert testimony, if any;

> The parties do not anticipate retaining any experts, but reserve their right to do so.

(6)　anticipated length of trial and whether to court or jury;  *jury + non-jury*

> Plaintiff anticipates a 5 day trial to.

> Defendants anticipate a 5-day trial. With respect to the Third, Fourth and Fifth Claims of the complaint, defendants maintain that such claims should be decided by the Court.

(7)　a statement that the Scheduling Order may be altered or amended only on a showing of good cause not foreseeable at the time of the conference or when justice so requires;

(8)  names, addresses, phone numbers and signatures of counsel;

>Liddle & Robinson, L.L.P.
>800 Third Avenue
>New York, New York 10022
>Telephone: (212) 687-8500
>
>_____
>Ethan A. Brecher (EB 3425)
>
>Counsel for Plaintiff
>
>Winston & Strawn LLP
>200 Park Avenue
>New York, New York 10166
>Telephone: (212) 294-6700
>
>_____
>Stephen L. Sheinfeld (SS 3585)
>William M. Sunkel (WS 2560)
>
>Counsel for Defendants
>Marsh & McLennan Companies, Inc.,
>Marsh Inc.,
>Marsh Global Broking Inc.,
>Marsh USA Inc. Severance Pay Plan,
>Marsh USA Inc. (as Plan Administrator of the Marsh USA Inc. Severance
>    Pay Plan) and
>Human Resources Director of North American Operations of Marsh USA
>    Inc. (as Plan Administrator of the Marsh USA Inc. Severance Pay
>    Plan)

SO ORDERED:

_____
SHIRA A. SCHEINDLIN
U.S.D.J.

3/3/08

5