UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
JOSEPH V. LA ROCCO, JR.,          :

              Plaintiff,    :

   -against-                     :
                                            08 Civ. 0439 (SAS)(FM)
MARSH & MCLENNAN COMPANIES, INC.;
MARSH INC.; MARSH GLOBAL BROKING   :
INC.; MARSH GLOBAL BROKING
(BERMUDA) LTD; MARSH USA INC.      :
SEVERANCE PAY PLAN; MARSH USA INC.
(AS PLAN ADMINISTRATOR OF THE MARSH :
USA INC. SEVERANCE PAY PLAN); and
HUMAN RESOURCES DIRECTOR OF NORTH   :
AMERICAN OPERATIONS OF MARSH USA
INC. (AS PLAN ADMINISTRATOR OF THE  :
MARSH USA INC. SEVERANCE PAY PLAN),
                                   :

              Defendants.
------------------------------x

## DEFENDANTS' MEMORANDUM OF LAW
## IN SUPPORT OF PARTIAL MOTION TO DISMISS

WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
(212) 294-6700

Attorneys for Defendants

## TABLE OF CONTENTS

Table of Authorities .................................................................................................................. ii

Preliminary Statement ............................................................................................................... 1

Statement of Facts ..................................................................................................................... 2

    A.    The Parties .................................................................................................................. 2

    B.    The Severance Pay Plan ............................................................................................. 2

    C.    The Termination of Plaintiff's Employment ............................................................ 4

    D.    Procedural Posture ..................................................................................................... 4

Argument .................................................................................................................................. 5

    PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES
    REQUIRES DISMISSAL OF HIS ERISA CLAIM, AS A MATTER OF LAW ............. 5

        I.    The Standard of Review ....................................................................................... 5

        II.    Plaintiff Failed to Exhaust His Administrative Remedies ................................. 6

            A.    The ERISA Exhaustion Requirement ..................................................... 6

            B.    Plaintiff's Alleged Unawareness of the Claims Procedure
                Does Not Excuse Him from the Exhaustion Requirement ...................... 8

            C.    Plaintiff's Argument that Marsh Failed to Provide Required
                Written Notice of a Benefit Determination Cannot Stand ...................... 9

            D.    The SPP's Claims Procedure Language Is Not Ambiguous .................. 11

            E.    Plaintiff Cannot Allege Futility Sufficient
                to Excuse the Exhaustion Requirement ................................................ 12

Conclusion ............................................................................................................................. 15

## TABLE OF AUTHORITIES

### Cases

*Allaire Corp. v. Okumus*,
  433 F.3d 248 (2d Cir. 2006) ........................................................................................... 6

*ATSI Communications v. Shaar Fund, Ltd.*,
  493 F.3d 87 (2d Cir. 2007) ............................................................................................. 6

*Barnett v. IBM*,
  885 F. Supp. 581 (S.D.N.Y. 1995) ................................................................................. 7

*Burke v. Kodak Retirement Income Plan*,
  336 F.3d 103 (2d Cir. 2003) ....................................................................................... 10n.

*Davenport v. Harry N. Abrams, Inc.*,
  249 F.3d 130 (2d Cir. 2001) ...................................................................................... 8, 12

*Egan v. Marsh & McLennan Companies, Inc.*,
  No. 07 Civ. 7134 (SAS), 2008 WL 245511 (S.D.N.Y. Jan. 30, 2008) .............. 1, 5, 7, 13 & 14

*Greifenberger v. Hartford Ins. Co.*,
  No. 03 Civ. 3238 (SAS), 2003 WL 22990093 (S.D.N.Y. Dec. 18, 2003),
  *aff'd*, 131 Fed. Appx. 756 (2d Cir. 2005) ........................................................ 7, 8, 11-12 & 13

*In re NYSE Specialists Securities Litigation*,
  No. 06-1038-cv, 2007 WL 2701341 (2d Cir. Sept. 18, 2007) ......................................... 6

*Kennedy v. Empire Blue Cross & Blue Shield*,
  989 F.2d 588 (2d Cir. 1993) .................................................................................. 6, 11-12

*Laufer v. Marsh USA, Inc.*,
  05 CV 3395 (N.D. Ill. Dec. 21, 2005) ............................................................................ 14

*Law Offices of Curtis V. Trinko, L.L.P. v. Bell Atlantic Corp.*,
  309 F.3d 71 (2d Cir. 2002) ............................................................................................. 6

*Madera v. Marsh USA, Inc.*,
  426 F.3d 56 (1st Cir. 2005) ....................................................................................... 10, 14

*Sanfilippo v. Provident Life & Casualty Insurance Co.*,
  178 F. Supp. 2d 450 (S.D.N.Y. 2002) ........................................................................... 12

*Shepherd v. Worldcom Inc.*,
  No. H-03-5292, 2005 WL 3844069 (S.D. Tex. Sept. 9, 2005) ...................................... 10

*Tamondong v. GMAC Commercial Credit LLC,*
  No. 06 Civ. 770 (SAS), 2006 WL 3377592 (S.D.N.Y. Nov. 17, 2006) ................... 7, 8

*Tardi v. Citicorp Securities, Inc.,*
  No. 96 Civ. 5419 (MBM), 1996 WL 724727 (S.D.N.Y. Dec. 17, 1996) ................. 14

*Thygeson v. U.S. Bancorp,*
  No. CV-03-467-ST, 2004 WL 2066746 (D. Or. Sept. 15, 2004) ........................... 10

*Veltri v. Building Service 32B-J Pension Fund,*
  393 F.3d 318 (2d Cir. 2004) ................................................................................. 10n.

### Statutes and Regulations

29 U.S.C. § 1002 ........................................................................................................... 2

29 U.S.C. § 1132 ........................................................................................................... 5

29 U.S.C. § 1133 ......................................................................................................... 10

29 C.F.R. § 2560.503-1 ........................................................................................... 9, 10

Preliminary Statement

Plaintiff Joseph LaRocco, alleged to be a former employee of certain of the defendants named herein,[1] purports to assert various claims for stock, incentive compensation and other payments he alleges are due him in connection with the termination of his employment in February 2005, including a claim for wrongful denial of benefits under a severance pay plan qualified under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Defendants move to dismiss plaintiff's ERISA claim for plaintiff's failure to exhaust the administrative remedies set forth in that plan.

On the heels of this Court's recent decision in *Egan v. Marsh & McLennan Companies, Inc.*, No. 07 Civ. 7134 (SAS), 2008 WL 245511 (S.D.N.Y. Jan. 30, 2008) – in which the Court dismissed another former Marsh employee's ERISA claims for failure to exhaust administrative remedies set forth in similar Marsh severance pay plans – plaintiff amended his complaint in this action, specifically attempting to repair deficiencies in his original complaint and avoid dismissal of his ERISA claim. Not only does that purpose-built amended complaint confirm that plaintiff failed to use the claims procedure described in the Marsh plan at issue or to avail himself of any of the administrative remedies set forth therein, but the myriad excuses, rationales and justifications proffered by plaintiff for his failure to do so are unavailing, as a matter of law.

Accordingly, for the reasons set forth in greater detail below, defendants move, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the Second Claim of plaintiff's amended complaint.

---

[1]    This motion is submitted on behalf of defendants Marsh & McLennan Companies, Inc., Marsh Inc. and Marsh Placement LLC (formerly known as Marsh Global Broking Inc.), Marsh USA Inc. Severance Pay Plan, Marsh USA Inc. (as Plan Administrator of the Marsh USA Inc. Severance Pay Plan) and Human Resources Director of North American Operations of Marsh USA Inc. (as Plan Administrator of the Marsh USA Inc. Severance Pay Plan) (collectively, "Marsh"). To date, the remaining named defendant, Marsh Global Broking (Bermuda) Ltd., has not been served.

## Statement of Facts[2]

A. **The Parties**

Plaintiff alleges that, prior to the termination of his employment on February 9, 2005, he was an employee and Managing Director of defendant Marsh & McLennan Companies, Inc., and its subsidiaries, defendants Marsh Inc., Marsh Global Broking Inc. and Marsh Global Broking (Bermuda) Ltd. (Am. Cmplt., ¶ 6).

Defendant Marsh USA Severance Pay Plan (the "SPP" or the "Plan") is alleged to be an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and an employee welfare benefit plan within the meaning of Section 3(1) of ERISA, 29 U.S.C. § 1002(1) (Am. Cmplt., ¶ 9). Defendant Marsh USA Inc. is alleged to be the Plan Administrator of the SPP (*id.*, ¶ 10), and defendant Marsh USA Inc. Human Resources Director, North American Operations, to be the day-to-day administrator of the SPP (*id.*, ¶ 39).

B. **The Severance Pay Plan**

The SPP (a copy of which is annexed as Exhibit D to the amended complaint) provides that, subject to various conditions and exclusions, Marsh employees may be eligible to receive certain severance benefits under the plan (Am. Cmplt., Exh. D, § 2(a)). Section 2(b)(iii) of the SPP further provides, in pertinent part, under the heading "Exclusions" (*id.*, § 2(b)(iii)):

> An individual is not eligible for benefits under this Plan if . . . his/her termination is for cause, which, for purposes of this Plan, includes, but is not limited to . . . a termination for: insubordination; dishonesty; theft; willful misconduct; failure to comply with Company policy or guidelines; . . . falsification of records . . . ; [or] commission of an act rising to the level of a crime.

---

[2]   This Statement of Facts is based on the allegations of the amended complaint ("Am. Cmplt."), which are assumed true solely for purposes of this motion, and the exhibits annexed thereto. For the Court's convenience, a copy of the amended complaint, with exhibits, is annexed to the accompanying Notice of Motion.

That section further provides that "[d]eterminations regarding what constitutes 'cause' shall be made by the Plan Administrator (or its delegate) in its sole discretion" (*id.*).

Section 10 of the SPP sets forth a detailed description of the procedure applicable to submitting a claim for benefits under the plan. It provides, in pertinent part, as follows (*id.*, § 10):

> 10. <u>Claims Procedure</u>
>
> An employee who is eligible for benefits under this Plan will be notified and provided with any forms required in connection with receipt of Plan benefits, including, if applicable, a Waiver and Release Agreement. If such employee disagrees with the determination of his/her benefits, he/she may, within thirty (30) days of receipt of the initial notification, submit a written statement to the Plan Administrator describing the basis of his/her claim for benefits, together with any documents which he/she believes supports his/her claim. Any employee who is not so notified but believes that he/she is entitled to benefits under the Plan may, within thirty (30) days of such employee's Termination date, submit a written statement to the Plan Administrator describing the basis of his/her claim for benefits and requesting any forms required in connection with payment of such benefits.

That section further sets forth the Plan Administrator's obligations upon the denial of any claim for benefits, including notification of: (i) the specific reasons for the denial; (ii) a description of any additional material or information that may be necessary for the claimant to perfect the claim; (iii) the claims review procedure; and, (iv) the claimant's right to commence a civil action under Section 502 of ERISA if the claim is denied following a review on appeal (*id.*). In addition, Section 10 provides that (*id.*):

> Any employee whose claim for benefits under this Plan is denied may make a written request to the Plan Administrator, within sixty (60) days after such denial, for a review of the denial. Any such request must include any evidence relevant to the claim and may include a request for pertinent documents.

Finally, Section 10 of the SPP makes clear that "[t]he Plan Administrator's decision on claims shall be final, binding and conclusive on all interested persons unless found by a court of competent jurisdiction to be arbitrary and capricious" (*id.*).

3

C. The Termination of Plaintiff's Employment

In the amended complaint, plaintiff alleges that, on February 9, 2005, Susan Reid, head of Human Resources for Marsh Global Broking Inc., accompanied by Mike Fisher, head of Marsh Global Broking (Bermuda) Ltd., telephoned plaintiff and advised him that his employment was being terminated "for cause" (Am. Cmplt., ¶ 70).[3]

While plaintiff further alleges that, during that call, Reid also told him that, because his employment was terminated "for cause," he would forfeit certain stock awards to which he otherwise may have been entitled, there is no allegation that Reid – or, for that matter, anyone else – advised plaintiff whether he would be entitled to benefits under the SPP (*id.*, ¶ 72). To the contrary, plaintiff expressly alleges that he never received notice of a determination regarding his eligibility or non-eligibility for benefits under the SPP, one way or the other (*id.*, ¶¶ 45, 46). Notwithstanding the foregoing, plaintiff concedes that he never made any claim for benefits under the SPP (*id.*, ¶ 49).

D. Procedural Posture

On or about January 17, 2008, plaintiff filed his complaint in this action. In addition to purporting to state claims for breach of contract, unjust enrichment, *quantum meruit* and promissory estoppel, plaintiff also alleged that defendants' failure to pay him a severance

---

[3] Parenthetically, while the issue of whether Marsh had "cause" to terminate plaintiff's employment is not addressed on this motion, it bears mention here that plaintiff concedes in the amended complaint that "his termination followed an investigation conducted by the investigative firm Kroll, outside counsel from the firm Davis Polk & Wardwell and in-house counsel, who all were fully acquainted with the facts and circumstances of [plaintiff's] situation (including from having interviewed [plaintiff] in New York in December 2004 with his counsel present)," and that "[plaintiff] was implicated in conduct that the Attorney General found inappropriate" (Am. Cmplt., ¶ 80). Significantly, if plaintiff's employment was properly terminated for "cause," then each of the claims set forth in the amended complaint fails.

benefit under the SPP constituted a wrongful denial of benefits under Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B).

On or about January 30, 2008, plaintiff's attorneys mailed a notice of lawsuit and request for waiver of summons pursuant to Fed. R. Civ. P. 4(d) to Marsh in-house counsel, who agreed to accept service on behalf of all defendants except Marsh Global Broking (Bermuda) Ltd. At an Initial Conference held before this Court on March 3, 2008, the parties jointly submitted a proposed Scheduling Order in which Marsh set forth its position that plaintiff's ERISA claim was subject to dismissal for plaintiff's failure to exhaust his administrative remedies under the SPP. Thereafter, on or about March 5, 2008, plaintiff filed an amended complaint which, while similar in most respects to his original complaint,[4] attempts to cure the deficiencies in the prior pleading with respect to the exhaustion issue. Specifically, although the amended complaint confirms that plaintiff did not pursue any of the administrative remedies under the SPP, it purports to proffer various rationales and justifications as to why plaintiff should be excused from the exhaustion requirement. Each of the arguments reflected in the amended complaint – and addressed in the parties' exchange of pre-motion letters, as required by the Court's Individual Rules and Practices – has been rejected, not only by this Court, but with respect to the very plan at issue here.

Argument

PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES
REQUIRES DISMISSAL OF HIS ERISA CLAIM, AS A MATTER OF LAW

I.    The Standard of Review

As this Court recently recognized in *Egan v. Marsh & McLennan Companies, Inc.*, No. 07 Civ. 7134 (SAS), 2008 WL 245511 (S.D.N.Y. Jan. 30, 2008), on a defendant's motion to

---

[4] The amended complaint abandons the promissory estoppel claim asserted in the original complaint.

dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6), "[t]he standard is no longer that a complaint can be dismissed only if there is 'no set of facts' that plaintiff could prove 'which would entitle him to relief.' Rather, the complaint must provide 'the grounds upon which [the plaintiff's] claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level'" (2008 WL 245511 at *3, quoting *ATSI Communications v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 n.2 (2d Cir. 2007)).

Even though a court is obligated to accept as true all factual allegations contained in the complaint and draw all reasonable inferences in plaintiff's favor, "the claim may still fail as a matter of law if the claim is not legally feasible" (*id.* at *4, citing *Allaire Corp. v. Okumus*, 433 F.3d 248, 250 (2d Cir. 2006)). To that end, "[b]ald assertions and conclusions of law will not suffice" (*id.*, quoting *Law Offices of Curtis V. Trinko, L.L.P. v. Bell Atlantic Corp.*, 309 F.3d 71, 74 (2d Cir. 2002)). Nor need the court "accord 'legal conclusions, deductions or opinions couched as factual allegations . . . a presumption of truthfulness'" (*id.*, quoting *In re NYSE Specialists Securities Litigation*, No. 06-1038-cv, 2007 WL 2701341, *5 (2d Cir. Sept. 18, 2007)).

As set forth below, application of that standard to the allegations of the amended complaint requires dismissal of plaintiff's ERISA claim in this case.

II.  Plaintiff Failed to Exhaust His Administrative Remedies

  A.  The ERISA Exhaustion Requirement

Federal courts – including the courts of this circuit – have long recognized the "firmly established federal policy favoring exhaustion of administrative remedies in ERISA cases" (*see Kennedy v. Empire Blue Cross & Blue Shield*, 989 F.2d 588, 594 (2d Cir. 1993)). The policy is grounded on the principle that an ERISA claimant is not entitled to judicial relief for a supposed

or threatened injury "until the prescribed administrative remedy has been exhausted" (*id.* at 592). Its "primary purposes" are "(1) [to] uphold Congress' desire that ERISA trustees be responsible for their actions, not the federal courts; (2) [to] provide a sufficiently clear record of administrative action if litigation should ensue; and, (3) [to] assure that any judicial review of fiduciary action (or inaction) is made under the arbitrary and capricious standard, not *de novo*" (*id.* at 594).

Most recently, in *Egan v. Marsh & McLennan Companies, Inc.*, this Court dismissed another former Marsh employee's ERISA claims on defendant's Rule 12(b)(6) motion where "[p]laintiff [had made] no allegations whatsoever that he exhausted any or all administrative remedies available to him under the SPP . . . , and the Court [could not] find any allegations from which it [could] infer that he did so before filing suit" (2008 WL 245511 at *10; *see also Tamondong v. GMAC Commercial Credit LLC*, No. 06 Civ. 770 (SAS), 2006 WL 3377592 (S.D.N.Y. Nov. 17, 2006) (granting motion to dismiss complaint for *pro se* plaintiff's failure to exhaust administrative remedies); *Greifenberger v. Hartford Ins. Co.*, No. 03 Civ. 3238 (SAS), 2003 WL 22990093 (S.D.N.Y. Dec. 18, 2003), *aff'd*, 131 Fed. Appx. 756 (2d Cir. 2005) (same); *Barnett v. IBM*, 885 F. Supp. 581, 588-89 (S.D.N.Y. 1995) (dismissing complaint where "plaintiff [had] not shown that she ever made any effort to take any formal administrative action with respect to any claim for long-term benefits")).

In the instant case, plaintiff admits that he made no administrative claim for benefits under the SPP, at any time (Am. Cmplt., ¶ 49). Plaintiff's failure to avail himself of any of the administrative remedies available to him under the SPP requires dismissal of his ERISA claim, as a matter of law.

### B. Plaintiff's Alleged Unawareness of the Claims Procedure Does Not Excuse Him from the Exhaustion Requirement

While conceding his failure to use any of the administrative remedies set forth in the SPP (much less exhaust them), plaintiff nonetheless apparently seeks to excuse such failure via a number of finely parsed allegations regarding his "unaware[ness] of the particulars of how the Plan worked or of any of the Plan's Claim Procedures" (*see* Am. Cmplt., ¶ 79). Tellingly, although plaintiff alleges that "when [he] was terminated, he was at home in Bermuda and did not have access to any of Defendants' severance policies and plans or [Marsh's] computerized on-line benefits website" (*id.*), and, further, that he was not "provided with the Plan or its terms following his termination" (*id.*, ¶ 50), the amended complaint may be searched in vain for any allegation that plaintiff never received a copy of the SPP, or that he requested but was denied a copy of the SPP during the course of his Marsh employment. To the contrary, plaintiff admits that he was "generally aware from his employment with [Marsh]" of the severance benefit to which he now asserts entitlement (*id.*, ¶ 79).

In any event, it is settled that a plaintiff's "[i]gnorance of a claim procedure does not defeat the exhaustion requirement," so long as the procedure was set forth in the plan (*Davenport v. Harry N. Abrams, Inc.*, 249 F.3d 130, 133 n.2 (2d Cir. 2001)). As this Court has repeatedly recognized, "[a] claimant is required to exhaust even if she [i]s ignorant of the proper claims procedure" (*Tamondong*, 2006 WL 3377592 at *2; *see also Greifenberger*, 2003 WL 22990093 at *4 (same)). As noted above, plaintiff does not – and, indeed, he cannot – allege that he failed to receive a copy of the SPP during his employment with Marsh. Moreover, it bears mention that, although plaintiff requested and received an additional copy of the Plan from Marsh in July 2007, he has made no efforts since that time to avail himself of the administrative remedies set forth in it.

Accordingly, plaintiff's argument that the exhaustion requirement should be excused because he was "unaware" of the claim procedures contained in the SPP, must be rejected.

### C. Plaintiff's Argument that Marsh Failed to Provide Required Written Notice of a Benefit Determination Cannot Stand

Plaintiff argues that Marsh did not provide him with written notice of his right to appeal a denial of benefits under the SPP, "as required by ERISA and its accompanying regulations, including 29 C.F.R. § 2650.503-1," and therefore he should be excused from compliance with the administrative remedy exhaustion requirement (Am. Cmplt., ¶¶ 77, 78).[5] As set forth below, that argument is unavailing.

29 C.F.R. § 2560.503-1 "sets forth minimum requirements for employee benefits plan procedures pertaining to claims for benefits by participants and beneficiaries." The paragraph of the regulation with which plaintiff asserts Marsh failed to comply, 29 C.F.R. § 2560.503-1(g)(1), prescribes the "[m]anner and content of notification of benefits determination." The regulation makes clear on its face, however, that the notification obligation is not triggered unless a claim for benefits has been "wholly or partially denied" (29 C.F.R. § 2560.503-1(f)). A "claim for benefits," in turn, is defined as "a request for a plan benefit or benefits made by a claimant in accordance with a plan's reasonable procedure for filing benefit claims" (29 C.F.R. § 2560.503-1(e)).

The pertinent statutory language further confirms that the notification requirement applies only after an individual has filed a claim for benefits. Section 503 of ERISA thus requires only that a plan administrator "provide adequate notice in writing to any participant or beneficiary *whose claim for benefits under the plan has been denied*" and "afford a reasonable opportunity to

---

[5] While the amended complaint refers to "29 C.F.R. § 2650.503-1," there is no such section. Rather, it appears that plaintiff inadvertently transposed the number of the regulation section that does address ERISA claims procedures, 29 C.F.R. § 2560.503-1.

9

any participant *whose claim for benefits has been denied* for a full and fair review" (29 U.S.C. § 1133, emphasis supplied).

Here, plaintiff concedes that he never made a "claim for benefits" in accordance with the claim procedure set forth in the SPP (Am. Cmplt., ¶ 49). Accordingly, there was no "benefits determination" (adverse or otherwise), the notification requirement was never triggered, and plaintiff may not rely on the fact that Marsh did not provide such notification to excuse his failure to exhaust his administrative remedies under the SPP.

Indeed, under similar circumstances, courts have rejected the identical argument urged by plaintiff, including specifically with respect to Marsh severance plans. In *Madera v. Marsh USA, Inc.*, 426 F.3d 56 (1st Cir. 2005), for example, plaintiff "argued that his failure to exhaust his administrative remedies is excused in this instance because Marsh did not provide him with written notice of the denial of severance benefits" (*id.* at 62, citing 29 U.S.C. § 1133(1) and 29 C.F.R. § 2560.503-1(g)). The court, however, held that "such a rule would apply only where an employee has made a claim for benefits" (*id.*). Noting that the plaintiff in that case "never filed any sort of formal claim," the court concluded that "[s]ince he never made a claim, there was nothing for Marsh to deny in writing, and the statute and regulation do not apply" (*id.*; *accord Shepherd v. Worldcom Inc.*, No. H-03-5292, 2005 WL 3844069, *5 (S.D. Tex. Sept. 9, 2005) (notification obligation "is not triggered until the employee files a claim in accordance with the plan's claims procedure"); *Thygeson v. U.S. Bancorp*, No. CV-03-467-ST, 2004 WL 2066746, *13-14 (D. Or. Sept. 15, 2004) (same)).[6]

---

[6] The decisions on which plaintiff purports to rely in support of this argument – *Veltri v. Building Service 32B-J Pension Fund*, 393 F.3d 318 (2d Cir. 2004), and *Burke v. Kodak Retirement Income Plan*, 336 F.3d 103 (2d Cir. 2003) – are distinguishable on their facts. Most significantly, in each of those cases, administrative claims had been filed by plaintiffs and denied in writing by defendants. Accordingly, they do not apply here.

Because, as noted above, plaintiff never made a claim for benefits under the SPP and thus never triggered the notification requirements with which he now says Marsh failed to comply, his contention that he should be excused from compliance with the exhaustion requirement is meritless.

D.   The SPP's Claims Procedure Language Is Not Ambiguous

Based on the new allegations of the amended complaint, it appears that plaintiff may further attempt to avoid the administrative remedy exhaustion requirement by arguing that the "Claims Procedure" provisions of the SPP do not unambiguously require that an individual claiming entitlement to benefits submit an administrative claim prior to commencing a lawsuit (*see* Am. Cmplt., ¶¶ 47, 48). Again, however, that argument has been expressly rejected by courts, including this Court.

As set forth above, Section 10 of the SPP provides that "[a]n employee who is eligible for benefits under this Plan will be notified and provided with any forms required in connection with receipt of Plan benefits," and, further, that "[a]ny employee who is not so notified but believes that he/she is entitled to benefits under the Plan may, within thirty (30) days of such employee's Termination Date, submit a written statement to the Plan Administrator describing the basis of his/her claim for benefits and requesting any forms required in connection with payment of such benefits" (Am. Cmplt., Exh. D, § 10).

In *Greifenberger v. Hartford Ins. Co.*, No. 03 Civ. 3238 (SAS), 2003 WL 22990093 (S.D.N.Y. Dec. 18, 2003), *aff'd*, 131 Fed. Appx. 756 (2d Cir. 2005), this Court expressly rejected plaintiff's contention – virtually identical to plaintiff's argument here – that the use of the word "may" in the plan's claim procedure provisions suggested that the administrative review process set forth therein was "optional" (*id.* at *4, citing *Kennedy v. Empire Blue Cross & Blue Shield*,

11

989 F.2d 588, 593-94 (2d Cir. 1993), and *Sanfilippo v. Provident Life & Casualty Insurance Co.*, 178 F. Supp. 2d 450, 452 (S.D.N.Y. 2002)). On appeal, the Second Circuit affirmed this Court's ruling, specifically holding that "this court has previously construed nearly identical language . . . to establish an administrative exhaustion prerequisite to federal suit," and that "the inclusion of the word 'may' in [defendant's] policy cannot excuse [plaintiff] from the duty to exhaust administrative review before filing suit under ERISA" (131 Fed. Appx. at 758).[7]

In view of the foregoing, plaintiff's argument that the SPP did not unambiguously require that he exhaust his administrative remedies prior to filing suit on his ERISA claim should be rejected.

E.  Plaintiff Cannot Allege Futility Sufficient to Excuse the Exhaustion Requirement

Finally, in a last ditch attempt to avoid dismissal of his ERISA claim, plaintiff argues that it would have been futile for him to pursue his administrative remedies under the SPP, and thus compliance with the exhaustion requirement should be excused (Am. Cmplt., ¶ 80).

As an initial matter, it is well settled that "futility [will] excuse an ERISA plaintiff's failure to exhaust only '[w]here claimants make a *clear and positive showing* that pursuing available administrative remedies would be futile'" (*Davenport v. Harry N. Abrams, Inc.*, 249 F.3d 130, 133 (2d Cir. 2001), quoting *Kennedy v. Empire Blue Cross & Blue Shield*, 989 F.2d 588, 594 (2d Cir. 1993)). In *Davenport*, the Second Circuit noted that in circumstances where, as here, "there is no evidence in the record that any ERISA plaintiff even *notified* the plan administrator of any disputed claim," the futility argument should be rejected (*id.*, internal brackets and quotation marks omitted).

---

[7]  By Order dated January 27, 2006, plaintiff's petition for rehearing *en banc* in *Greifenberger* was denied.

12

Indeed, this Court has expressly recognized "the very high standard required for a showing of futility" (*Greifenberger*, 2003 WL 22990093 at *5), holding that the "clear and positive showing" necessary to justify application of the futility exception is not satisfied where a plaintiff has not alleged that he made any effort to take formal administrative action with respect to a benefits claim, that he was denied information about proper claims procedures or that he was prevented from exhausting administrative remedies by anything more than an informal or *de facto* denial (*see, e.g., Egan*, 2008 WL 245511 at *10).

Here, the allegations of the amended complaint with respect to futility fall far short of satisfying that standard. While those allegations focus on the thoroughness of the "investigation conducted by the investigative firm Kroll, outside counsel from the firm Davis Polk & Wardwell and in-house counsel," which "implicated [plaintiff] in conduct that the Attorney General found inappropriate" and ultimately led to the termination of plaintiff's employment (*see* Am. Cmplt., ¶ 80), there is no allegation that plaintiff ever even notified the Plan Administrator of his benefits claim.

Plaintiff's conclusion that, given the circumstances of his departure, "it is inconceivable that any appeal of a denial of (or application for) severance benefits would have resulted in MMC changing its determination that [plaintiff] was fired 'for cause' and not eligible for severance benefits" (*id.*) misses the mark. Under the SPP, the Plan Administrator is vested with "sole discretion" to determine what constitutes a termination for "cause" for purposes of the SPP (Am. Cmplt., Exh. D, § 2(b)(iii)). Similarly, it is the Plan Administrator whose decisions on claims for benefits under the SPP are "final, binding and conclusive on all interested persons" (*id.*, § 10). As the Plan Administrator was never afforded an opportunity to make those determinations in this case, plaintiff cannot establish futility here.

Again, courts have rejected arguments virtually identical to plaintiff's (*Tardi v. Citicorp Securities, Inc.*, No. 96 Civ. 5419 (MBM), 1996 WL 724727, *3-4 (S.D.N.Y. Dec. 17, 1996), including with respect to the SPP and other Marsh severance plans (*see, e.g., Madera*, 426 F.3d at 62-63; *Egan*, 2008 WL 245511 at *10; *Laufer v. Marsh USA, Inc.*, 05 CV 3395 (N.D. Ill. Dec. 21, 2005)). In *Tardi*, the court explained why plaintiff's futility argument does not hold water (1996 WL 72427 at *4, citation omitted):

> [P]laintiff's speculative allegations – that the Benefits Review Committee would not have reviewed her claim because it *could* have accepted [her employer's] characterization of her employment as unsatisfactory – is not a 'clear and positive showing' that an appeal would have been futile. Indeed, plaintiff's argument – that an appeal is futile because the Review Committee could merely adopt management's view – would apply to any claimant and to all appeals. That argument does not satisfy plaintiff's burden to make a definitive showing of futility.

As plaintiff has not made a "clear and positive showing" that it would have been futile for him to pursue his administrative remedies in this case, compliance with the exhaustion requirement should not be excused.

14

## Conclusion

For the reasons set forth above, defendants respectfully requests that the Court issue an Order dismissing the Second Claim of the amended complaint for plaintiff's failure to exhaust his administrative remedies under ERISA, and granting such other and further relief as the Court shall deem just and proper.

Dated: New York, New York
       March 31, 2008

WINSTON & STRAWN LLP

By: _____
    Stephen L. Sheinfeld (SS 3585)
    William M. Sunkel (WS 2560)
200 Park Avenue
New York, New York 10166
(212) 294-6700
ssheinfeld@winston.com
wsunkel@winston.com

Attorneys for Defendants
Marsh & McLennan Companies, Inc.,
Marsh Inc., Marsh Placement LLC
(formerly known as Marsh Global Broking
Inc.), Marsh USA Inc. Severance Pay Plan,
Marsh USA Inc. (as Plan Administrator of
the Marsh USA Inc. Severance Pay Plan)
and Human Resources Director of North
American Operations of Marsh USA Inc.
(as Plan Administrator of the Marsh USA
Inc. Severance Pay Plan)

Of Counsel:

   Jason S. Aschenbrand